IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALESSA M. WILLIAMS,

    Plaintiff,

vs.                                      CASE NO. 1:07CV137-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A.    PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on December 20, 2005, alleging a disability onset date of May 16, 2003, because of obesity, arthritis and a torn meniscus in each knee. (R. 14). Plaintiff petitioned for a hearing before an administrative law

judge (ALJ), who conducted a hearing on June 22, 2006, and entered an unfavorable decision on October 23, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

**B.     FINDINGS OF THE ALJ**

The ALJ found that Plaintiff was insured through September 30, 2004, and that she had two impairments, obesity and osteoarthritis, which were severe within the meaning of the regulations. The ALJ assessed her obesity under SR 02-1p and found that she does not meet any listing of impairment. Her arthritis is supported by MRI showing moderate to severe chondromalacia and left knee PFPS and knee joint arthralgias, but the MRI did not show any back condition and it is believed that her morbid obesity is the primary cause of her leg pain and limitations with walking and standing. It had repeatedly been recommended that she exercise and lose weight, but she currently weighed 455 pounds. The ALJ found her capable of sedentary work, which does not preclude her past relevant work as a telemarketer, switchboard operator and nail technician. (R. 18).

**C.     ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in not finding that Plaintiff met Listing 9.09 for obesity; and that the ALJ should have given great weight to the findings of Dr. Edwards as Plaintiff's treating physician, rather than discredit his findings because she saw him on a rotational basis at Shands, as is the practice at this teaching hospital

The government responds that the ALJ properly considered her obesity, but there is no longer a listing for this impairment alone. Her orthopedic impairments,

**No. 1:07CV137-MP/AK**

exacerbated by her weight, limited her to sedentary work, but did not preclude her entirely from all work activities.  Although the ALJ mentioned Dr. Edwards' rotational practice as a reason for giving his opinion less weight, he also explained that the opinion he gave that she could only sit 4 hours a day and stand one hour was not based on objective medical findings and was based solely on her subjective complaints.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

### D.    STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence

**No. 1:07CV137-MP/AK**

supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

    1.    Is the individual currently engaged in substantial gainful activity?

**No. 1:07CV137-MP/AK**

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

E. **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Treatment notes from Shands HealthCare shows that Plaintiff was seen by a number of doctors at the hospital, but she was treated regularly by Dr. Katherine Huber, who also oversaw her treatment by others and was copied on many of their reports. Dr.

**No. 1:07CV137-MP/AK**

Huber, after reviewing a number of tests, including an MRI, opined that most of Plaintiff's medical problems were related to her weight. (R. 140). Numerous treatment notes include recommendations to lose weight by diet and exercise, but Plaintiff was not consistent with either and even reported drinking 2 liters of soda every day. (R. 172, 174, 176,187,192, 193, 194, 196, 198). The only surgery recommended by any of the physicians was gastric bypass surgery, which had not been undertaken as of the date of the hearing. No back surgery or knee surgery was suggested and more exercise seemed to be the treatment of choice, which when pursued had resulted in good results for her.

Dr. Huber referred Plaintiff to Dr. Edwards for a consult at the Rheumatology Clinic to rule out rheumatoid arthritis and lupus. He examined Plaintiff on February 2, 2005, and found her to be morbidly obese with no clinical evidence of any connective tissue disease at that time. (R. 125). He wanted to work with Dr. Huber to control her back and knee pain so that she could participate in more exercise to promote continued and increased weight loss. (R. 125). Dr. Edwards completed a Physical Capacities Evaluation on January 31, 2006, wherein he assessed her as able to lift only 10 pounds occasionally, sit 4 hours a day, stand or walk one hour a day, with several postural restrictions. (R. 157). He also wrote that he believed she would be absent from month four days a month because of her impairments. (R. 157).

Two Residual Functional Capacity forms are in the record. One, dated February 11, 2005, and completed by a non-examining physician, found her to be limited to lifting

**No. 1:07CV137-MP/AK**

10 to 20 pounds, sitting 6 hours, and standing or walking 2 hours, with only occasional climbing, balancing, stooping, kneeling, and crawling, with some environmental pulmonary limitations. (R. 103-11). Another, dated June 27, 2005, found her to be capable of a medium level of exertion. (R.149-156).

F.    **SUMMARY OF THE ADMINISTRATIVE HEARING**

At the hearing, Plaintiff reported that she was 33 years old, was 5'6" tall and weighed 455 pounds. (R. 209). She had gained over 100 pounds since 2003. (R. 210). She last worked in May 2003 selling newspapers. (R. 210). She is unable to work because of knee and back pain and swelling. (R. 213, 215). She claims to have been on diets and exercise, whatever her doctors told her to do, but she has continued to gain weight. (R. 213, 215). Plaintiff claims that she can sit for no longer than 30 minutes before she gets stiff and has to lay down for about 45 minutes. (R. 218). She suffers from level 10 (the highest) pain four days a week. (R. 220). She spends most of her day lying down. (R. 224). Her mother and three children do most of the chores around the house. (R. 226).

G.    **DISCUSSION**

    a)    Obesity listing

Plaintiff claims to meet the listing for obesity with her additional orthopedic impairments of back and knee pain, but the listing was repealed and SSR 02-1p states that "the final rules deleting listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at

**No. 1:07CV137-MP/AK**

any level of the administrative review process or that had been appealed to court." Plaintiff does not address how this listing is applicable to her application, filed on December 20, 2005, or how she specifically meets this or any other listing. Thus, there is no merit to this argument.

      b)      Treating physician

A treating physician is defined as a "medical source who provides [the claimant] or has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 CFR §404.1502. Dr. Edwards treated Plaintiff on several occasions upon referral by her primary care physician, Dr. Huber, to address any joint disease issues and under the regulations would be considered a treating physician.

However, even if Edwards were considered a treating physician, the ALJ does not have to adopt every aspect of his opinion, so long as the ALJ articulates sufficient "good cause" for disregarding the doctor's opinion in whole or in part. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Good cause may be found when the opinion is "not bolstered by the evidence," the evidence "supports a contrary finding," the opinion is "conclusory" or "so brief and conclusory that it lacks persuasive weight," the opinion is "inconsistent with [the treating physician's] own medical records," the statement "contains no [supporting] clinical data or information," the opinion "is unsubstantiated by any clinical or laboratory findings," or the opinion "is not accompanied by objective medical evidence." Lewis v. Callahan, 125 F.3d 1436, 1440

**No. 1:07CV137-MP/AK**

(11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)).  If an ALJ rejects a treating physician's opinion, he must give explicit, adequate reasons for so doing, and failure to do so results in the opinion being deemed accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).

The ALJ referred to Dr. Edwards as "one of the claimant's treating physicians with Shands Healthcare," but did not adopt the limitations set forth in Dr. Edwards functional assessment because Edwards' treatment notes did not support a back condition or other impairment that would limit her to lifting only ten pounds.  Indeed, Edwards' did not order the MRI and other orthopedic tests, as did Dr. Huber, and appeared to address only the possibility of joint disease as contributing to her pain.  A possibility that Dr. Edwards ultimately ruled out.  The ALJ relied instead on two other functional assessments in the record, as well as a number of objective tests, to support his finding that she could perform at least sedentary work.  A review of Plaintiff's medical history and her own testimony is significant for finding that she was happier and healthier prior to her quitting work and after 2003 she began gaining weight, struggling with depression, and had increased levels of back and knee pain.  All of the doctors treating her, including Dr. Edwards, have recommended increased levels of activity, not a cessation or decrease in physical exertion.

Accordingly, it is respectfully **RECOMMENDED**:


**No. 1:07CV137-MP/AK**

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  **14th**  day of November, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV137-MP/AK**